UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

ESAM SAMARA,

    Plaintiff,

v.                                   CASE NO:   6:14-cv-2111-Orl-31KRS

INTERNATIONAL FOOD CLUB, INC.,

    Defendant.
_____/

### PARTIES' JOINT OBJECTION TO MAGISTRATE REPORT AND RECOMMENDATION TO DENY THE PARTIES JOINT MOTION FOR SETTLEMENT AND DISMISSAL WITH PREJUDICE

**COME NOW**, the Plaintiff, ESAM SAMARA ("SAMARA"), and the Defendant INTERNATIONAL FOOD CLUB, INC. ("INTERNATIONAL"), by and through their respective undersigned counsel, and respectfully object to the Magistrate Judge's Report and Recommendation as entered in this case (Doc. 29). In support, the Parties state as follows:

### INTRODUCTION

The instant Objection turns upon the Report and Recommendation (Doc. 29) of the Honorable Karla R. Spaulding, United States Magistrate Judge, which denied the Parties' Joint Motion to Review and Approve Proposed FLSA Settlement and Dismiss Action with Prejudice (Doc. 28). However, the Report is contrary to existing law, contrary to the letter and spirit of the FLSA, and makes no objective finding of unreasonableness to support its denial. Further, the Report does not sufficiently place the parties on notice of what supplemental documents or information are required, or would have been required for approval of the Agreement.

## STANDARD OF REVIEW

The District Court must review, and sustain objections to a Magistrate's order if the order is clearly erroneous, or clearly contrary to the law. *See e.g., Mitchell v. Consolidated Freightways Corp.*, 747 F. Supp. 1446, 1447 (M.D. Fla. 1990); *Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525, 526 (M.D. Fla. 1988).

## ARGUMENT

### I.      The FLSA, and the Middle District of Florida

1.      Enforcement of the FLSA is broad; in addition to the Department of Labor's oversight and enforcement authority, *29 U.S.C. § 216(c)*, Congress has authorized a private right of enforcement by individual employees. *29 U.S.C. § 216(b)*, *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 739, 101 S. Ct. 1437 (1981). The explicit goal is the protection and fair compensation of the individual worker. *29 U.S.C. §§206(a) and 207(a)(2).*

2.      In an attempt to address the slough of FLSA cases that have arisen as a result, the Orlando Division implemented a scheduling order tailored the FLSA cases. *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1225 (M.D. Fla. 2009). This scheduling order requires the parties, inter alia, to quickly produce all documents relating to the plaintiff's claims; directs the plaintiff to answer interrogatories, and provide a detailed accounting of his claim; mandates the parties engage in a good faith settlement conference before filing a settlement report with the Court, and otherwise stays all discovery until all preliminary efforts at settlement have been exhausted. *Id.*

3.      The controlling case law in the Middle District is the Eleventh Circuit opinion in *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), which governs binding FLSA settlements with res judicata effect. *Lynn's Food* specifically

authorizes settlements, and indeed, encourages them as an effective and reasonable means of resolving disputes:

> Settlements may be permissible in the context of a suit brought by employees . . . because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the [court] to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food*, 679 F.2d at 1354

4. A subsequent opinion, *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished), reduced the amount of attorneys' fees and costs when the fees sought were pursuant to a contingency fee agreement; the Court affirmed the decision to reduce the fees to the lodestar amount so as not to reduce the plaintiff's recovery. However, this analysis is only appropriate in a contingency fee case. *Bonetti*, 715 F.Supp. at 1227.

## II. The Settlement Agreement was a fair and reasonable meeting of the parties' minds, and should be upheld.

5. Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. *Bonetti*, 715 F. Supp. at 1227. As a result, FLSA settlements are typically scrutinized solely upon the reasonableness of the attorney fees, which is an easier factor for the Court to analyze. *Id.*

6. However, absent evidence to the contrary, the Court should assume that the plaintiff's lawyer has abided by his ethical obligations and avoided the temptation to place his own interest ahead of the client. *Id.* at 1228. Specifically:

> "[T]he present approach to approving FLSA settlements rests on a tenuous assumption concerning the relationship between an attorney and his client. Specifically, it assumes that if the plaintiff's counsel receives a fee that is higher than

what the Court deems reasonable, then the overall fairness of the settlement is adversely affected. This presupposes that a higher fee to the plaintiff's counsel was necessarily obtained at the plaintiff's expense. In other words, this rationale assumes that any plaintiff's lawyer who negotiates a fee that is "unreasonable" in the Court's eye has breached his fiduciary and professional duty to his client. **But, absent some objective basis for questioning counsel's conduct, there is simply no reason for the Court to undermine the parties' agreement."**

*Id.* at 1227-28 (emphasis added).

7. At present, there has been no such objective basis illustrated by Magistrate Spaulding. There has been no determination that the amount to be paid to Plaintiff is unreasonable, nor that the attorney fee provision is unreasonable. It merely denies without explanation.

8. Indeed, the Report and Recommendation provides no guidance whatsoever on what the Parties could have done differently in the Settlement Agreement to pass muster.

9. The Magistrate cites to *Silva*, however, *Silva* is distinguishable from the instant case insofar as no contingency arrangement altered the attorneys' fees and costs to be paid.

10. Further, the contemplated attorney fee award was proffered by the Defendant itself, and *ipso facto* speaks to the reasonableness of the amount within the community, and based upon Plaintiff's counsel's experience.

11. With respect to the amount paid to Samara personally, the Magistrate points out that Samara originally claimed $6,817.25 as owed, plus Samara acknowledged the right to liquidated damages under the statute. (Doc. 29, pg. 3). The Magistrate further points out that the settlement will provide Samara with $8000.00, *Id.*, which necessarily includes a portion of the liquidated damages amount.

12. That Samara is not obtaining the full $13,634.50 as he may be entitled by statute is the very nature of the compromise. In exchange for the risk of protracted litigation, Samara has agreed to accept <u>the entirety</u> of his unpaid wage claim, and additionally, a portion of his

4

liquidated damages. Such acceptance comports with both the letter and the spirit of the FLSA, and the Agreement should be upheld.

13.     Magistrate Spaulding appears to take further issue with the wording of the release. However, the wording is largely boilerplate, and in any event, sufficiently identifies the subject matter of the instant unpaid wage claim as the sole issue on release. It is the opinion of the counsel for both Parties that the release language is acceptable for the nature of this settlement.

14.     Both Samara and International have reviewed the terms and conditions of the Settlement Agreement, and upon conferring with their counsel, have found it acceptable. The Agreement satisfies the FLSA, is a reasonable compromise, and its acceptance by this Court will prove an expeditious and efficacious resolution to the matter. The Parties represent that the settlement entered into by the Parties was an arms-length compromise and there was no collusion with regard to the settlement in this matter. The Parties also represent that the continuation of this litigation would require further expense and expenditures of costs and attorneys' fees. And the Parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

15.     In the complete absence of any objective finding by the Magistrate that the Agreement was unreasonable, the Court should sustain this Joint objection, approve the proposed settlement, and dismiss the action with prejudice.

16.     In the alternative, the Parties require guidance from the Court as to what must be done differently for the approval of this settlement. The Parties are willing to submit additional or supplemental documentation if necessary, however, to reiterate, they are unclear as to what other information would be helpful to the Court, and feel that all required documentation under the law has been provided.

**WEHREFORE**, the Parties jointly request that this Honorable Court enter an Order (a) SUSTAINING this objection to the Magistrate's Report; (b) approving the Settlement Agreement as negotiated; (c) dismissing this action with prejudice; and (d) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

**DATED: OCTOBER 5, 2015.**

Respectfully submitted

| | |
|---|---|
| /s/ Crystal L .Eiffert | /s/ Daniel R. Levine |
| Crystal L. Eiffert, Esquire | Daniel R. Levine, Esq. |
| Fla. Bar No.: 0553581 | Fla. Bar NO.: 0057861 |
| Eiffert & Associates, P.A. | Bennardo Levine, LLP |
| 122 E. Colonial Drive, Suite 210 | 1860 NW Boca Raton Blvd. |
| Orlando, FL 32801 | Boca Raton, FLL 33432 |
| Telephone: (407) 244-1980 | Telephone: (561)392-8074 |
| Facsimile: (407) 244-1981 | Facsimile: (561) 36806478 |
| service@ealawgroup.com  (Primary) | drlevine@bennardolevine.com |
| ceiffert@ealawgroup.com  (Secondary) | Counsel for Defendant |
| Counsel for Plaintiff | |